## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

|  |  |
|---|---|
| **Kristy Beckwith, individually and on behalf of others similarly situated,** )<br>)<br>)<br>) | **Case No.:** |
| )<br>)<br>) | **CLASS ACTION** |
| Plaintiff, )<br>)<br>) | **CLASS ACTION COMPLAINT FOR** |
| v. )<br>) | 1. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(B) ET SEQ.;** |
| **Full Sail, LLC d/b/a Full Sail University and The Office Gurus, LLC** )<br>)<br>)<br>) | 2. **VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227(C) ET SEQ.; AND** |
| Defendants. )<br>)<br>) | |
| )<br>)<br>) | 3. **VIOLATIONS OF FLORIDA STATUTE § 501.059** |
| )<br>) | **JURY TRIAL DEMANDED** |

### INTRODUCTION

1. Plaintiff, Kristy Beckwith ("Plaintiff") brings this action against Defendant Full Sail, LLC d/b/a Full Sail University ("Defendant Full Sail") and The Office Gurus ("Defendant Office Gurus") (together referred to as "Defendants") to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Florida Statute § 501.059.

2. This is a putative class action pursuant to the Telephone Consumer

Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA") and Fla. Stat. § 501.059.

3. Defendant Full Sail is a private for-profit university. To promote its services, Defendant engages in unsolicited marketing, harming thousands of consumers in the process.

4. Defendant Office Gurus is a global call center service provider.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendants illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

6. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

7. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in its entirety.

8. Unless otherwise stated, all the conduct engaged in by Defendants took place in the Middle District of Florida.

9. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

10. Unless otherwise indicated, the use of Defendants names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants named.

## JURISDICTION AND VENUE

11. Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute, the TCPA. Jurisdiction is also proper under 28 U.S.C. § 1332(d)(2) because Plaintiff alleges a national class, which will result in at least one class member belonging to a different state than that of Defendants. Plaintiff seeks up to $1,500.00 (one-thousand-five-hundred dollars) in damages for each call in violation of the TCPA, which, when aggregated among a proposed class numbering in the tens of thousands, or more, exceeds the $5,000,000.00 (five-million dollars) threshold for federal court jurisdiction under the Class Action Fairness Act ("CAFA"). Therefore, both the elements of diversity jurisdiction and CAFA jurisdiction are present.

12. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391(b) and (c) because Defendants are deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendants provide and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Further, Defendant's tortious conduct against Plaintiff occurred within the State of Florida and, on information and belief, Defendants have made the same phone calls complained of by Plaintiff to other individuals within this judicial district, such that some of Defendants acts in making such calls have occurred within this district, subjecting Defendants to jurisdiction in the State of Florida.

## PARTIES

13. Plaintiff is a natural person residing in the State of South Dakota.

14. Defendant Full Sail is a company based in Winter Park, Florida, conducting business in the education field.

15. Defendant Office Gurus is a company based in St. Petersburg, Florida, conducting call based services.

///

## THE TCPA

16. The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an artificial or prerecorded voice; (3) without the recipient's prior express consent.  47 U.S.C. § 227(b)(1)(A).

17. In an action under the TCPA, a plaintiff must only show that the defendant "called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice." *Breslow v. Wells Fargo Bank, N.A.*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

18. A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State—

   a) an action based on a violation of the regulations prescribed under this subsection to enjoin such violation,

   b) an action to recover for actual monetary loss from such a violation, or to receive up to $500 in damages for each such violation, whichever is greater, or

   c) both such actions.

19. The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

20. In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012) (emphasis supplied).

21. To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having

received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates."  In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

22. The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  See Golan v. Veritas Entm't, LLC, 788 F.3d 814, 820 (8th Cir. 2015).

23. "'Telemarketing' occurs when the context of a call indicates that it was initiated and transmitted to a person for the purpose of promoting property, goods, or services."  Golan, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12);  In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

24. The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003). This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call or in the future. Id.

25. In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 FCC Rcd. 14014, ¶ 136 (2003).

26. If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls.")

27. As recently held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their

recipients. A plaintiff alleging a violation under the TCPA 'need not allege any additional harm beyond the one Congress has identified.'" *Van Patten v. Vertical Fitness Grp.*, No. 14-55980, 2017 U.S. App. LEXIS 1591, at *12 (9th Cir. May 4, 2016) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## FLA. STAT. § 501.059

28. It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves . . . the playing of a recorded message when a connection is completed to a number without the prior express written consent of the called party." Fla. Stat § 501.059(8)(A).

29. The statute defines "telephonic sales call" as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(I).

30. A person will be defined as a "called party" if they are a "person who is the regular user of the telephone number that receives a telephonic sales call," under Fla. Stat. § 501.059(1)(A).

31. An "unsolicited telephonic sales call" is one that is made other than in direct response to the express request of the person who is called. under Fla. Stat. § 501.059(4)(K).

## GENERAL ALLEGATIONS

32. At all times relevant, Plaintiff was an individual residing within the State of South Dakota.

33. Plaintiff has been registered in the National Do Not Call Registry since July 25, 2023.

34. Defendant is required to check the National Do Not Call Registry before attempting to call. 47 U.S.C. § 227(c)(3)(F).

35. At all times relevant, Defendants conducted business in the State of Florida.

36. Defendant Office Gurus is a lead vendor for Defendant Full Sail, calling consumers on behalf of Defendant Full Sail for the purposes of promoting Defendant Full Sail's services.

37. On August 26, 2023, Plaintiff received a call to her cellphone ending in **6333 which she rejected.

38. That same day at 9:42am Plaintiff received a call from the same number. Plaintiff did not answer and was left a voicemail that left a prerecorded message which said, "Hey! I'm calling from the admissions team from Full Sail University. We know that understanding how you'll fund your education is a major factor in going back to school, so I wanted to chat with you about your options. Give me a call at 407-679-6333 with any questions or respond with emails I've sent you with information regarding financial aid and scholarship availability. I look forward to hearing from you soon."

39. On August 28, 2023, Plaintiff received a phone call from 407-679-6333, and was met with a prerecorded voice. Plaintiff told Defendant she was not interested and not to call again.

40. On August 31, 2023, Plaintiff received another call from 407-679-6333 which she rejected.

41. That same day, Plaintiff received a call from 407-679-6333, and upon rejecting the call again was left with a voicemail regarding Full Sail University Financial Planning.

42. On September, 2, 2023, Plaintiff received another call from 407-679-6333. Upon rejecting the call, she was left with a prerecorded message in her voicemail from discussing admissions at Full Sail University.

43. Plaintiff received the phone calls from this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district. Upon information and belief, Defendant made other phone calls to individuals residing within this judicial district and throughout the United States.

44. At no point in time did Plaintiff provide Defendants with her express written consent to be contacted. This is in violation of 47 U.S.C. § 227(a)(5).

45. Defendants unsolicited phone calls caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

46. Defendants phone calls also inconvenienced Plaintiff and caused disruption to her daily life.

47. Defendants unsolicited phone calls caused Plaintiff actual harm. Specifically, Plaintiff estimates that she spent numerous hours

investigating the unwanted phone calls including how they obtained her number and who the Defendants were.

48. Furthermore, Defendants phone calls took up memory on Plaintiff's cellular phone. The cumulative effect of unsolicited phone calls and voicemails like Defendants poses a real risk of ultimately rendering the phone unusable for other purposes as a result of the phone's memory being taken up.

## CLASS ALLEGATIONS

## PROPOSED CLASS

49. Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

50. Plaintiff brings this case on behalf of two Classes defined as follows:

The TCPA DNC Class

All persons within the United States registered on the National Do-Not-Call Registry for at least 30 days, who had not granted Defendants prior express consent nor had a prior established business relationship, who received more than one call made by or on behalf of Defendants that promoted Defendants' products or services, within any twelve-month period, within four years prior to the filing of the complaint.

The TCPA Prerecorded Class

All persons within the United States who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone made through the use of an artificial or prerecorded

voice and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

<u>The FTSA Recorded Voice Class</u>

All persons within the State of Florida who received any solicitation/telemarketing phone calls from Defendant to said person's cellular telephone with a recording and such person had not previously consented to receiving such calls within the four years prior to the filing of this Complaint.

51. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

52. Upon information and belief, Defendants have placed automated and/or prerecorded calls to cellular telephone numbers belonging to thousands of consumers throughout the United States without their prior express consent. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

53. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendants call records.

## COMMON QUESTIONS OF LAW AND FACT

54. There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class. Among the questions of law and fact common to the Class are:

(1) Whether Defendants made non-emergency calls to Plaintiff's and Class members' cellular telephones using an artificial or pre-recorded voice;

(2) Whether Defendants can meet its burden of showing that it obtained prior express written consent to make such calls;

(3) Whether Defendants conduct were knowing and willful;

(4) Whether Plaintiff and the putative class members' numbers were on the national do-not-call registry at the time they were called by Defendant;

(5) Whether Defendants are liable for damages, and the amount of such damages; and

(6) Whether Defendants should be enjoined from such conduct in the future.

55. The common questions in this case are capable of having common answers. If Plaintiffs claim that Defendants routinely made phone calls to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

56. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

57. **PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

58. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

59. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by

the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

60. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant.  For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not.  Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

///

///

///

///

///

## COUNT I

## <ins>Negligent and/or Willful Violations of the TCPA, 47 U.S.C. §</ins>
## <ins>227(b)</ins>

### (On Behalf of Plaintiff and the Class)

61. Plaintiff re-alleges and incorporates paragraphs 1-___ as if fully set forth herein.

62. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an artificial or pre-recorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

63. Defendants – or third parties directed by Defendants – used an artificial and/or prerecorded voice to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class defined below.

64. These calls were made without regard to whether or not Defendant had first obtained express permission from the called party to make such calls. In fact, Defendants did not have prior express consent to call the

cell phones of Plaintiff and the other members of the putative Class when its calls were made.

65. Defendants have, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by using artificial and/or pre-recorded voice messages to make non-emergency telephone calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

66. Defendants knew that it did not have prior express consent to make these calls and knew or should have known that it was using an artificial or prerecorded voice to make the calls. The violations were therefore willful or knowing.

67. As a result of Defendants conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

68. Defendants knew that it did not have prior express consent to make these calls and knew or should have known that its conduct was a violation of the TCPA.

69. Because Defendants knew or should have known that Plaintiff and Class Members had not given prior express consent to receive its autodialed calls with pre-recorded voice messages, the Court should treble the amount of statutory damages available to Plaintiff and the other members of the putative Class pursuant to § 227(b)(3) of the TCPA.

70. As a result of Defendant's violations, Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

### NEGLIGENT AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227(C)

#### (ON BEHALF OF PLAINTIFF AND THE CLASS)

71. 4Plaintiff re-alleges and incorporates paragraphs 1-___ as if fully set forth herein.

72. Plaintiff and the class members received more than two telephone calls within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may, if otherwise permitted by the laws or rules of court of a State bring in an appropriate court of that State.

73. Defendant – or third parties directed by Defendant – dialed numbers to make non-emergency telephone calls to the telephones of Plaintiff and the other members of the Class defined below.

74. These calls were made without regard to whether Plaintiff or class members were on the National Do Not Call Registry. In fact, Defendant did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when its calls were made.

75. Defendant has, therefore, violated § 227(c)(5) of the TCPA by making two or more non-emergency telephone calls to the phones of Plaintiff and the other members of the putative Class without their prior express written consent.

76. Defendant knew that it did not have prior express consent to make these calls. The violations were therefore willful or knowing.

77. As a result of Defendant's conduct and pursuant to § 227(c)(5) of the TCPA, Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation and a maximum of $1,500 in statutory damages for willful violations. Plaintiff and the class are also entitled to an injunction against future calls. *Id*.

///

///

///

# COUNT III

## VIOLATIONS OF FLA. STAT. § 501.059

### (ON BEHALF OF PLAINTIFF AND THE CLASS)

78. Plaintiff re-alleges and incorporates paragraphs 1-___ as if fully set forth herein.

79. Defendants – or third parties directed by Defendants – used equipment having the capacity to dial numbers without human intervention to make non-emergency telephone calls to the cellular telephones of Plaintiff and the other members of the Class in violation of Fla. Stat § 501.059(8)(A).

80. Under Fla. Stat § 501.059(1)(G), prior consent includes the signature of the called party, the telephone of the called party, as well as clear authorization to the person making or allowing the telephonic sales call to make the call. Defendants did not have prior express consent to call the cell phones of Plaintiff and the other members of the putative Class when these telephonic sales calls were made. *Id.*

81. Defendants have, therefore, violated Fla. Stat § 501.059(8)(A) and Fla. Stat § 501.059(1)(G) by using an automatic telephone dialing system and/or pre-recorded voice messages to make non-emergency telephone

calls to the cell phones of Plaintiff and the other members of the putative Class without their prior express written consent.

82. Defendants knew that it did not have prior express consent to make these calls and knew or should have known that it was using equipment that at constituted an automatic telephone dialing system. The violations were therefore willful or knowing.

83. As a result of Defendants conduct and pursuant to Fla. Stat § 501.059(10)(B), Plaintiff and the other members of the putative Class were harmed and are each entitled to a minimum of $500.00 in damages for each violation.

**WHEREFORE**, Plaintiff, on behalf of herself and the other members of the Class, prays for the following relief:

a. A declaration that Defendants practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 and Florida Statute § 501.059;

b. An injunction prohibiting Defendants from using a telephone dialing system to call telephone numbers assigned to cellular telephones without the prior express permission of the called party;

c. An award of actual and statutory damages; and

d. Such further and other relief the Court deems reasonable and just.

## TRIAL BY JURY

84. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 19, 2024                           Respectfully submitted,

BY: /S/ RYAN L. MCBRIDE_____
RYAN L. MCBRIDE, ESQ.
TRIAL COUNSEL FOR PLAINTIFF

Mohammad Kazerouni
Florida State Bar No.1034549
**Kazerouni Law Group, APC**
245 Fischer Ave., Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile:  (800) 520-5523
mike@kazlg.com

Ryan L. McBride
Florida State Bar No.1010101
**Kazerouni Law Group, APC**
2221 Camino Del Rio #101
San Diego, CA 92108
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ryan@kazlg.com